UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

RELIANCE COMMUNICATIONS, LLC,

For Online Publication Only

**ORDER**

Plaintiff,

16-CV-01721 (JMA) (GRB)

-against-

REGAL MARKETING, INC. d/b/a WG WIRELESS,
GREGORY S. LANE and CHARLES M. LANE,

Defendants.

-----------------------------------------------------------------------X

**FILED**
**CLERK**

9/18/2018 4:21 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is plaintiff's motion for default judgment against defendant Gregory S. Lane ("defendant") for $91,035.00, plus pre-judgment interest. For the reasons stated herein, plaintiff's motion is GRANTED and plaintiff is awarded a default judgment against defendant in the amount of $113,661.56.

## I. DISCUSSION

### A. Defendant Defaulted

Defendant, who has appeared in this matter and filed an answer to the complaint, but who has not responded to the motion for a default judgment, has defaulted by failing to defend in this action and to comply with the Court's orders.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish defendant's liability under New York law.

## C. __Damages__

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that plaintiff's submissions, including the agreements and customer statement included in Exhibits A, B and D to the complaint (ECF Nos. 1-3, 1-4, 1-6), as well the Declaration of Anthony W. Cummings in Support of plaintiff's motion for a default judgement (ECF No. 22-1), establish the damages of $91,035.00 to a reasonable certainty.

## D. __Interest__

In its motion, plaintiff requests "appropriate interest" from December 16, 2015, as set forth in defendant's personal guaranty, which provides that "an interest charge of two percent (2%) per month, or the highest rate permitted by law, whichever is less, shall be assessed on any amount due and owing to Reliance by Guarantor." (ECF No. 1-4). Under New York law, plaintiff's claims would be entitled to pre-judgment interest at the statutory interest rate of nine percent (9%) per annum. N.Y. C.P.L.R. 5001; 5004; see also Boule v. Hutton, 320 F. Supp. 2d 132, 140 (S.D.N.Y. 2004). Pursuant to an interest charge of 2% per month, as provided by defendant's personal guaranty, plaintiff would be entitled to approximately $60,083.10 in pre-judgment interest, calculated through the date of this Order. Under New York law's 9% per annum statutory interest rate, plaintiff would be entitled to $22,626.56 in pre-judgment interest, calculated through the date

of this Order.  Accordingly, plaintiff is entitled to $22,626.56 in pre-judgment interest, the lesser of these two amounts.

## II.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against defendant as follows:  Defendant Gregory S. Lane is liable to plaintiff, Reliance Communications, LLC, for $113,661.56.  Post-judgment interest is granted and shall be calculated pursuant to 28 U.S.C. § 1961.  The Clerk of the Court is respectfully requested to mail a copy of this Order to the pro se defendant.


**SO ORDERED.**

Dated:  September 18, 2018
Central Islip, New York


                                                          /s/    (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE